# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 07-B-05886-SPS |
| | ) | Chapter 7 |
| SATISH SHETHI AND ELIZA SHETHI, | ) | |
| | ) | Hon. Susan Pierson Sonderby |
| Debtors. | ) | |
| | ) | Hearing Date:  December 22, 2010 |
| | ) | Hearing Time: 10:30 a.m.CST |

## COVER SHEET FOR FOURTH AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN

Name of Applicant:                               Seyfarth Shaw LLP

Authorized to Provide
Professional Services to:                        Chapter 7 Trustee, Gus A. Paloian

Date of Retention:                               June 19, 2007, retroactive to May 1, 2007

Period for which Compensation
and Reimbursement is Sought:                     September 1, 2009, through the close of the case

Amount of Final Compensation
Sought:                                          $16,194.00

Amount of Final Expense
Reimbursement Sought:                            $139.30

This is a:    X   Final        ____   Interim Application.

Prior Applications:  The below table provides a summary of the disposition of Seyfarth's prior interim fee applications in this case:

| | SEYFARTH'S PRIOR INTERIM FEE APPLICATIONS IN CHAPTER 7 CASE | | | |
|---|---|---|---|---|
| Filing Date & Docket Number(s) | Interim Period Covered | Total Fees Requested & [Allowed] | Total Expenses Requested & [Allowed] | Aggregate Allowed Fees & Expenses |
| 9/25/07 [66] | 5/1/07 to 9/10/07 | $27,829.00 [$25,532.00] | $122.91 [$122.91] | $25,654.91 |
| 10/15/07 [142] | 9/11/07 to 9/30/08 | $111,582.50 [$107,289.00] | $1,918.34 [$1,918.34] | $109,207.34 |
| 11/10/09 [196] | 10/01/08 to 8/31/09 | $29,183.50 [$29,183.50] | $1,376.78 [$1,376.78] | $30,560.28 |
| | | | **TOTAL** | **$165,422.53** |

Dated:  November 19, 2010

Respectfully submitted,

GUS A. PALOIAN, not individually or personally, but solely in his capacity as the Chapter 7 Trustee of  the Debtors' Estate,

By:  /s/Gus A. Paloian

Gus A. Paloian (06188186)
James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

8896832v.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 07-B-05886-SPS |
| | ) | Chapter 7 |
| SATISH SHETHI AND ELIZA SHETHI, | ) | |
| | ) | Hon. Susan Pierson Sonderby |
| Debtors. | ) | |
| | ) | Hearing Date:  December 22, 2010 |
| | ) | Hearing Time:  10:30 a.m. CST |

**FOURTH AND FINAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF SEYFARTH SHAW
LLP AS COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN
FROM SEPTEMBER 1, 2009, THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a), 330, and 331 of the United States Bankruptcy Code,

Seyfarth Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally,

but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the

bankruptcy estate (the "Estate") of the above-captioned debtors (the "Debtors"), hereby submits

its fourth and final application for compensation and reimbursement of expenses (the

"Application") for legal services performed, and expenses incurred, during the period of

September 1, 2009, through the close of the case (the "Application Period").  In support of this

Application, Seyfarth respectfully represents, as follows:

## I.  INTRODUCTION

1.      Seyfarth makes this Application pursuant to:  (A) Sections 330, 331, 503(a) and

(b), 506(c), and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330,

as amended (the "Bankruptcy Code");  (B) Rule 2016 of the Federal Rules (the "Rules") of

Bankruptcy Procedure;  (C) certain applicable provisions of the Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as

adopted by the Office of the United States Trustee;  (D) Rule 5082-1 of the Local Bankruptcy

Rules (the "Local Rules") for the United States Bankruptcy Court for the Northern District of

Illinois (the "Court"); (E) that certain Order of the Court, dated June 19, 2007, authorizing

Seyfarth's retention as counsel to the Trustee retroactive to May 1, 2007 (the "Seyfarth Retention

Order"); and (F) other applicable case law discussed herein (collectively, the "Authorities for

Relief"). In this regard, Seyfarth has made every reasonable effort to comply with the

Authorities for Relief.

2.      In making this Application, Seyfarth respectfully seeks an Order of this Court

awarding and authorizing payment from the Estate of: (A) final allowance of compensation in

the amount of $16,194.00 (the "Fees") for professional services rendered by Seyfarth on behalf

of the Trustee during the Application Period; and (B) final reimbursement of actual and

necessary expenses in the amount of $139.30 (the "Expenses") incurred by Seyfarth in rendering

such professional services to the Trustee.

## II.  JURISDICTION

3.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of

this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and

(b)(2)(A), (M), and/or (O). The predicates for the relief requested herein are 11 U.S.C. §§

105(a), 330, and 331.

## III.  BACKGROUND

### A.      Case Background

4.      On April 2, 2007 (the "Petition Date"), the Debtors filed their voluntary petition

for relief under Chapter 7 of the Bankruptcy Code thereby initiating this joint case ("Case").

5.      Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the

Estate.

2

8896832v.2

6.      Seyfarth was employed as attorneys for the Trustee pursuant to the Seyfarth

Retention Order.  A copy of the Seyfarth Retention Order was attached to Seyfarth's First

Interim Application for Compensation and Expense Reimbursement (the "<u>First Application</u>") at

Exhibit 1.  *See* Docket No. 66.

7.      In accordance with Section 504(b)(1) of the Bankruptcy Code and Rule 2016,

Seyfarth has received no promises for payment for services rendered or to be rendered in any

capacity whatsoever in connection with the Case, other than specifically provided for in the

Seyfarth Retention Order.  Additionally, other than as permitted by Section 504(b)(1) of the

Bankruptcy Code and Rule 2016(a), no agreement or understanding exists between Seyfarth and

any other entity for a division of compensation and reimbursement received or to be received for

services rendered in or in connection with the Case.

**B.      <u>Summary of Services Rendered, and Expenses Incurred, by Seyfarth</u>**

8.      The Fees requested by Seyfarth for legal services rendered to the Trustee during

the Application Period aggregate $16,194.00.  A breakdown of this amount by each Seyfarth

professional;  each such professional's title, hourly rate, and total hours expended in providing

legal services;  and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | 2009 HOURLY RATE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian | Partner | $540.00 | $555.00 | 19.40 | $10,483.50 |
| James B. Sowka | Associate | $310.00 | $325.00 | 1.40 | $452.00 |
| M. Ryan Pinkston | Associate | $280.00 | $295.00 | 8.60 | $2,408.00 |
| Jennifer M. McManus | Paralegal | $230.00 | $235.00 | 0.70 | $161.00 |
| Ricki Knapp-Podorovsky | Paralegal | N/A | $220.00 | 0.20 | $44.00 |
| Nina Bouchard | Paralegal | $105.00 | $125.00 | 22.10 | $2,421.50 |

3

| PROFESSIONAL | TITLE | 2009 HOURLY RATE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Alice Shepro | Case Asst. | N/A | $80.00 | 2.80 | $224.00 |
| **TOTAL:** | | | | **55.20** | **$16,194.00** |

The above-table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

9.      Biographies for the attorneys listed above who performed the bulk of the services in this matter (and whose biographies were not previously submitted to the Court as part of the First Application [*See* Dkt. No. 66 at Exhibit 2], and Seyfarth's Third Interim Application for Compensation and Expense Reimbursement [*See* Dkt. No. 196 at Exhibit 1]), describing their qualifications and areas of expertise, is attached hereto as **Exhibit 1**.

10.     During the Application Period, Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

11.     All of the Fees for which Seyfarth requests allowance and payment of compensation, and all of the Expenses for which Seyfarth requests reimbursement, relate to the Application Period and were rendered or incurred in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee.

12.     Seyfarth respectfully submits that its services to the Trustee and expenses incurred on behalf of the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

8896832v.2

13.     During the Application Period, Seyfarth has rendered 55.20 hours of professional services on behalf of the Trustee.  All of the fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period.  Copies of all such records for the Application Period are grouped together and attached hereto as **Exhibit 2.**

14.     For the Court's convenience, Seyfarth has categorized its services to the Trustee during the Application Period, as follows:  (A) Case Administration; (B) Claims Resolution; and (C) Fee Applications.

### CASE ADMINISTRATION (9.60 hours valued at $4,009.00)

15.     During the Application Period, Seyfarth expended 9.60 hours, worth a value of $4,009.00, on behalf of the Trustee on matters of Case Administration, including:

A.     Review and analysis of Case information;

B.     Investigation of potential assets of the Estate; and

C.     Conferences regarding, and analysis of, Case strategy, and supervision of counsel to Trustee regarding same.

16.     A breakdown of the professional services in this category is as follows:

| PROFESSIONAL | TITLE | 2009 HOURLY RATE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian | Partner | $540.00 | $555.00 | 6.60 | $3,571.50 |
| James B. Sowka | Associate | $310.00 | $325.00 | 0.20 | $62.00 |
| Jennifer M. McManus | Paralegal | $230.00 | $235.00 | 0.50 | $115.00 |

5

| Nina Bouchard | Paralegal | $105.00 | $125.00 | 2.30 | $260.50 |
|---|---|---|---|---|---|
| **TOTAL:** | | | | **9.60** | **$4,009.00** |

### CLAIMS RESOLUTION (31.20  hours valued at $10,121.00)

17.     During the Application Period, Seyfarth expended 31.20 hours, worth a value of

$10,121.00, on behalf of the Trustee on matters of claims resolution, including:

A.      Prosecution of objection to secured claim of Mutual Bank;

B.      Negotiations with counsel for Hannibal National Bank regarding

resolution of secured claims filed by same;

C.      Preparation and presentation of Trustee's Motion for the Entry of Agreed

Orders resolving secured claims filed by Hannibal National Bank;

D.      Analysis and research relative to the late-filed amended claim by Internal

Revenue Service and advising the Trustee as to the validity of the

amended claim.

18.     A breakdown of the professional services in this category is as follows:

| PROFESSIONAL | TITLE | 2009 HOURLY RATE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| Gus A. Paloian | Partner | $540.00 | $555.00 | 12.80 | $6,912.00 |
| James B. Sowka | Associate | $310.00 | $325.00 | 1.20 | $390.00 |
| M. Ryan Pinkston | Associate | $280.00 | $295.00 | 5.80 | $1,624.00 |
| Jennifer M. McManus | Paralegal | $230.00 | $235.00 | 0.20 | $46.00 |
| Ricki Knapp-Podorovsky | Paralegal | N/A | $220.00 | 0.20 | $44.00 |
| Nina Bouchard | Paralegal | $105.00 | $125.00 | 8.20 | $881.00 |
| Alice Shepro | Case Asst. | N/A | $80.00 | 2.80 | $224.00 |

6

| PROFESSIONAL | TITLE | 2009 HOURLY RATE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| **TOTAL:** | | | | **31.20** | **$10,121.00** |

### FEE APPLICATIONS (14.40 hours valued at $2,064.00)

19.     During the Application Period, Seyfarth expended 14.40 hours of time, worth a value of $2,064.00, in preparing (A) the Trustee's accountant's fee application, (B) the Trustee's First Interim Fee Application, and (B) Seyfarth's Fourth and Final Fee Application.  This amount represents less than 5% of the total amount requested in the Trustee and Seyfarth fee applications.

20.     A breakdown of the professional services in this category is as follows:

| PROFESSIONAL | TITLE | 2009 HOURLY RATE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|
| M. Ryan Pinkston | Associate | $280.00 | $295.00 | 2.80 | $784.00 |
| Nina Bouchard | Paralegal | $105.00 | $125.00 | 11.60 | $1,280.00 |
| **TOTAL:** | | | | **14.40** | **$2,064.00** |

21.     "Section 330(a) [ ] expressly contemplates compensation for preparation of fee applications."  Smith v. Edwards & Hale, Ltd. (In re Smith), 317 F.3d 918, 927 (9th Cir. 2002), cert. denied sub nom. Smith v. Grimmett, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060 (2003); see 11 U.S.C. § 330(a)(6).

### C.     Reasonableness of Compensation Requested

22.     In accordance with 11 U.S.C. § 330 (a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee.  Such compensation is fair based upon the time, nature, extent and value of such services and the hours expanded and

7

the expertise provided.  Seyfarth's efforts have resulted in tangible and substantial benefit to the

Estate, as discussed *supra*.

23.      Seyfarth has kept its time in tenths of an hour, or six minute increments, to most

accurately reflect the specific tasks performed.

24.      Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent

by its attorneys engaging in intra-office conferences and double-staffing hearings.

25.      Under the circumstances, the compensation requested by Seyfarth is fair and

reasonable, and its allowance and payment, in full, is justified.

### D.        Costs for Which Reimbursement is Requested

26.      Seyfarth also maintains records of all actual and necessary out-of-pocket expenses

incurred in connection with rendering services to the Trustee.  A detailed listing of these

expenses and the amounts for which reimbursement is sought is attached hereto as **Exhibit 3**.

27.      As set forth in attached Exhibit 3, Seyfarth advanced $139.30 in Expenses on

behalf of the Estate in connection with the legal services that it rendered to the Trustee in the

Case during the Application Period.

28.      Pursuant to Local Rule 5082-1(B)(1)(g), the Expenses represent their actual cost

to Seyfarth, and no additional charges have been added to this cost.

29.      Pursuant to this Court's Standing Order No. 3, Seyfarth voluntarily reduces

photocopy costs to $0.10 per page.

30.      All of the expenses are for copying charges, which have been broken down by

entry in Exhibit 3**.**

8

## IV.  STATEMENT OF APPLICATION PURSUANT TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

31.     Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to share any compensation or reimbursement received as a result of this case with any person, firm or entity.  No agreement or understanding exists between Seyfarth and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received, on account of this case.

## V.  CONCLUSION

32.     The Fees and Expenses all arose in connection with the Case, and in the discharge of Seyfarth's professional responsibilities to the Trustee during the Application Period.  Seyfarth respectfully submits that its legal services to the Trustee, and the fees charged therefor, are in all respects reasonable, necessary, and of benefit to the Estate and its administration, and that the expenses that Seyfarth incurred in rendering such legal services were actual and necessary.

## VI.  INTERIM COMPENSATION AND EXPENSE REIMBURSEMENT AWARDED

33.     Pursuant to its First Interim Application for Compensation and Expense Reimbursement, Seyfarth was awarded and paid interim compensation and expense reimbursement in the aggregate amount of $25,654.91.   Pursuant to its Second Interim Application for Compensation and Expense Reimbursement, Seyfarth was awarded and paid interim compensation and expense reimbursement in the aggregate amount of $109,207.34. Pursuant to its Third Interim Application for Compensation and Expense Reimbursement, Seyfarth was awarded and paid interim compensation and expense reimbursement in the aggregate amount of $30,560.28.

34.     As part of this Application, Seyfarth requests that all amounts previously awarded and paid as interim compensation and expense reimbursement shall be deemed final.

8896832v.2

## VII.  NO PRIOR REQUEST

35.     No prior request for the relief requested by this Application has been made to this

Court or to any other court.

## VIII.  RELIEF REQUESTED

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

A.     Allowing Seyfarth final compensation in the total amount of $16,194.00;

B.     Allowing Seyfarth final expense reimbursement in the amount of $139.30;

C.     Allowing to Seyfarth that all amounts previously awarded and paid as
        interim compensation and expense reimbursement shall be deemed final;
        and

D.     Granting such other and further relief as this Court deems proper.

Dated:  November 19, 2010                    Respectfully submitted,

                                             GUS A. PALOIAN, not individually or
                                             personally, but solely in his capacity as the
                                             Chapter 7 Trustee of the Debtors' Estate,

                                             By:  /s/Gus A. Paloian

Gus A. Paloian (06188186)
James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

# Exhibit 1





**Ryan Pinkston**

Associate

**Chicago**

(312) 460-5578

## Ryan Pinkston

rpinkston@seyfarth.com

### Practice Areas

- **Commercial Litigation**
- **Bankruptcy, Workouts & Business Reorganization**

Mr. Pinkston is an associate in the Bankruptcy Practice Group of Seyfarth Shaw LLP. Prior to joining the firm, Mr. Pinkston was a summer associate at Seyfarth Shaw and a judicial clerk for Judge Teresa D. Harper in the Monroe County Circuit Court. He also worked as a registered mediator in the State of Indiana through the Family and Children Mediation Clinic at Indiana University, served as an Articles Editor for the *Federal Communications Law Journal*, and assisted in Liberian constitutional research for the Center for Constitutional Democracy in Plural Societies.

### Education

J.D., Indiana University-Bloomington, *magna cum laude* (2008)

　　Articles Editor, *Federal Communications Law Journal*

B.A., Washington University in Saint Louis (2005)

### Admissions

- Illinois

### Courts

- Northern District of Illinois

### Publications

- Co-author, "The Implied Warranty of Habitability in Illinois: A Critical Review," 98 *Illinois Bar Journal* 92 (February 2010)

**Exhibit 2**

## CASE ADMINISTRATION

| Date | Description | Professional | Hours | Value |
|------|-------------|--------------|-------|-------|
| 09/01/09 | Telephone conference with Yogi Sharma regarding closing on hotel lease purchase (.50); review copies of cashier checks, shareholder agreement and closing certificate (.50); further factual investigation (.40). | G. Paloian | 1.40 | 756.00 |
| 09/02/09 | Telephone conferences with Yogi Sharma regarding closing details and cash funding by partners. | G. Paloian | 0.60 | 324.00 |
| 09/03/09 | Review documents from Yogi Sharma regarding Michigan hotel. | G. Paloian | 0.50 | 270.00 |
| 09/04/09 | Review and revise Subpoena ride. | G. Paloian | 0.30 | 162.00 |
| 09/08/09 | Revise rider to Subpoena. | G. Paloian | 0.10 | 54.00 |
| 09/10/09 | Investigate cash transfers. | G. Paloian | 0.30 | 162.00 |
| 09/14/09 | Communication with US Trustee's office regarding Rule 2004 Subpoena. | G. Paloian | 0.30 | 162.00 |
| 09/15/09 | Conversation with R. Pinkston regarding filing of motion for entry of agreed orders for Hannibal National Bank claims. | N. Bouchard | 0.20 | 21.00 |
| 09/16/09 | Prepare final report. | G. Paloian | 0.80 | 432.00 |
| 09/30/09 | Review affidavit of discovery compliance. | G. Paloian | 0.30 | 162.00 |
| 10/08/09 | Communication with Trustee's office regarding subpoena and cash transfer issue. | G. Paloian | 0.30 | 162.00 |
| 10/09/09 | Review subpoena rider regarding Charlene Simpson; communication with Trustee's office regarding fact investigation. | G. Paloian | 0.50 | 270.00 |
| 10/26/09 | Conference with J. McManus regarding case status. | N. Bouchard | 0.30 | 31.50 |
| 10/27/09 | Confer with N. Bouchard regarding notice requirements for objections to claims. | J. Sowka | 0.20 | 62.00 |
| 10/27/09 | Discuss U.S. Trustee's potential fraudulent conveyance action with G. Paloian. | J. McManus | 0.10 | 23.00 |
| 11/02/09 | Phone call to Judge Sonderby's chambers regarding deadline for hearing end of the year fee applications. | N. Bouchard | 0.10 | 10.50 |
| 11/12/09 | Communication with creditor regarding non-dischargeability agreement. | G. Paloian | 0.30 | 162.00 |
| 11/25/09 | Communications with Trustee's office regarding investigation in to potential other assets. | G. Paloian | 0.40 | 216.00 |
| 12/02/09 | Prepare memo in preparation for hearing on professional fees for R. Pinkston. | J. McManus | 0.40 | 92.00 |

| Date | Description | Professional | Hours | Value |
|------|-------------|--------------|-------|-------|
| 01/21/10 | Review case docket for agreed order releasing interest in AXA Equitable insurance policies for G. Paloian. | N. Bouchard | 0.20 | 22.00 |
| 01/22/10 | Review case files for correspondence and/or pleadings regarding to Trustee's release of AXA Insurance policies. | N. Bouchard | 0.60 | 66.00 |
| 01/27/10 | E-mail correspondence to counsel for AXA Equitable regarding Trustee's consent to change of ownership in insurance policy. | N. Bouchard | 0.20 | 22.00 |
| 05/18/10 | Review and analysis of Days-Inn nondischargeability judgment. | G. Paloian | 0.20 | 111.00 |
| 05/21/10 | Review Ramada Inn settlement and order (.20); discuss same with G. Paloian (.20); e-mail correspondence to Debtor's counsel regarding status of proofs of claim filed by Days Inns and Ramada regarding final report (.30); Follow-up phone call to IRS regarding additional information on amendment of claim filed by same. | N. Bouchard | 0.70 | 87.50 |
| 05/21/10 | Conference with N. Bouchard regarding nondischargeability judgments effect on filed claims. | G. Paloian | 0.30 | 166.50 |
| | | **TOTALS** | **9.60** | **$4,009.00** |

## FEE APPLICATIONS

| Date | Description | Professional | Hours | Value |
|------|-------------|--------------|-------|-------|
| 10/27/09 | Prepare West fee application for case closing. | N. Bouchard | 0.40 | 42.00 |
| 11/03/09 | Revise Seyfarth's third interim fee application. | N. Bouchard | 0.80 | 84.00 |
| 11/04/09 | Revise Seyfarth's third interim fee application. | N. Bouchard | 0.80 | 84.00 |
| 11/04/09 | Revise Trustee's first interim fee application. | N. Bouchard | 0.80 | 84.00 |
| 11/05/09 | Continue preparation of Seyfarth's third interim fee application. | N. Bouchard | 1.50 | 157.50 |
| 11/05/09 | Continue preparation of Trustee's first interim fee application. | N. Bouchard | 1.00 | 105.00 |
| 11/06/09 | Finalize Seyfarth fee application. | N. Bouchard | 0.80 | 84.00 |
| 11/09/09 | Revise Trustee fee application. | N. Bouchard | 0.90 | 94.50 |
| 11/10/09 | Prepare Seyfarth's third interim fee application (.50); cause same to be filed with the Court (.30); oversee service of same (.70). | N. Bouchard | 1.50 | 157.50 |
| 12/01/09 | Conference with J. Sowka regarding trustee's first interim fee application and Seyfarth Shaw's third interim fee application. | M. Pinkston | 0.20 | 56.00 |
| 12/02/09 | Review trustee's first interim fee application in preparation for hearing on same (.50); review Seyfarth Shaw's third interim fee application in preparation for hearing on same (.70); Conference with J. McManus regarding hearing on trustee's and Seyfarth Shaw's fee applications (.10); represent G. Paloian, as chapter 7 trustee, at hearing on trustee's first interim fee application (.60); represent Seyfarth Shaw as counsel for trustee at hearing on Seyfarth Shaw's third interim fee application (.70). | M. Pinkston | 2.60 | 728.00 |
| 02/16/10 | Prepare final fee application for case closing. | N. Bouchard | 0.60 | 75.00 |
| 03/08/10 | Revise final fee application (.70); discuss same with G. Paloian (.10). | N. Bouchard | 0.80 | 100.00 |
| 03/11/10 | Revise final fee application. | N. Bouchard | 0.30 | 37.50 |
| 03/18/10 | Revise Accountant Fee Application | N. Bouchard | 0.40 | 50.00 |
| 04/05/10 | Finalize fee applications for case closing | N. Bouchard | 1.00 | 125.00 |
| | | **TOTALS** | **14.40** | **$2,064.00** |

## CLAIMS RESOLUTION

| Date | Description | Professional | Hours | Value |
|------|-------------|--------------|-------|-------|
| 09/04/09 | Review claims (1.00); review claims of Hanibal Bank (.20); conference with N. Bouchard regarding objection to claims and agreed order resolving claim (.20). | G. Paloian | 1.40 | 756.00 |
| 09/04/09 | Conference with G. Paloian regarding follow-up of secured claims. | N. Bouchard | 0.10 | 10.50 |
| 09/08/09 | Telephone conference with Ed Freud regarding claims of Hanibal Bank regarding reclassification of claims and set off for collateral disposition (.40); telephone conference with E. Freud regarding claims disallowance of Hanibal (Claim #6) and claims reduction (Claims #7 and #8) (.30); revise motion and orders (.40). | G. Paloian | 1.10 | 594.00 |
| 09/08/09 | E-mail correspondence to counsel for Mutual Bank regarding resolution of secured claim (.20); download and provide copies of secured claims filed by Hannibal National Bank to counsel for same (.30); prepare draft motion for entry of agreed orders and agreed orders for claims filed by Hannibal National Bank for G. Paloian (1.00). | N. Bouchard | 1.50 | 157.50 |
| 09/09/09 | Revise motion for entry of agreed orders regarding claims filed by Hannibal National Bank (.70); e-mail correspondence to counsel for same regarding review and execution of agreed orders (.20). | N. Bouchard | 0.90 | 94.50 |
| 09/14/09 | Revise motion for entry of agreed orders regarding Hannibal claims no. 6, 7 and 8 (1.10); prepare final report (.80). | G. Paloian | 1.90 | 1,026.00 |
| 09/14/09 | Revise motion for entry of agreed orders for claims filed by Hannibal National Bank for G. Paloian. | N. Bouchard | 0.20 | 21.00 |
| 09/15/09 | Review motion regarding Hannibal orders (.20); conference regarding resolution of claims (.30); investigate claim of Mutual Bank (.70); telephone conferences regarding same (.30). | G. Paloian | 1.50 | 810.00 |
| 09/15/09 | Review motion for entry of agreed order to finalize pleading (.60); legal research regarding notice required for hearing on motion for entry of agreed order (.60). | M. Pinkston | 1.20 | 336.00 |
| 09/16/09 | Telephone conferences regarding claim of Mutual Bank and objection (.40). | G. Paloian | 0.40 | 216.00 |
| 09/16/09 | Final revisions to motion for entry of agreed orders filed by Hannibal National Bank (.20); cause same to be filed with the court (.40); oversee service of same (.30). | N. Bouchard | 0.90 | 94.50 |

| Date | Description | Professional | Hours | Value |
|------|-------------|--------------|-------|-------|
| 09/17/09 | Review secured claim of Mutual Bank (.30); conferences regarding objection to claim (.30); telephone conferences with United Central Bank (Mutual Bank successor) regarding objection to claim and potential resolution (.50); prepare objection (.70). | G. Paloian | 1.80 | 972.00 |
| 09/18/09 | Telephone conferences with United Central Bank regarding Mutual Bank secured claim and efforts to resolve (1.00); prepare objection (.50). | G. Paloian | 1.50 | 810.00 |
| 09/17/09 | Review case files for property foreclosure documentation regarding secured claim filed by Mutual Bank. | N. Bouchard | 0.80 | 84.00 |
| 09/21/09 | Telephone conferences regarding Mutual Bank claim resolution (.20); prepare objection (.40). | G. Paloian | 0.60 | 324.00 |
| 09/21/09 | Prepare draft objection to claim filed by Mutual Bank for G. Paloian. | N. Bouchard | 0.60 | 63.00 |
| 09/22/09 | Finalize draft of objection to claim filed by Mutual Bank for G. Paloian (.50); revise service list regarding same (.30); e-mail correspondence to G. Paloian and R. Pinkston regarding hearing for same (.20); cause Objection to be filed with the court (.50); oversee service of same (.50). | N. Bouchard | 2.00 | 210.00 |
| 09/29/09 | Represent G. Paloian as Trustee at hearing on motion for entry of agreed order regarding reclassification and reduction of Hannibal National Bank's claims (.80); review motion for entry of agreed orders regarding reclassification and reduction of Hannibal National Bank's claims in preparation for hearing (.50). | M. Pinkston | 1.30 | 364.00 |
| 10/01/09 | Download agreed orders (.10); discuss same with G. Paloian (.10). | J. McManus | 0.20 | 46.00 |
| 10/02/09 | Conference with G. Paloian regarding objection to claim filed by Mutual Bank (.20); telephone conference with Shelly DeRousse, counsel for Mutual Bank, regarding trustee's objection to claim (.30). | M. Pinkston | 0.50 | 140.00 |
| 10/12/09 | Telephone conference with Shelly DeRousse regarding response to objection to claim of Mutual Bank and agreed order resolving claim. | G. Paloian | 0.50 | 270.00 |
| 10/15/09 | Telephone conference regarding Mutual Bank claim (.20); review revisions (.20). | G. Paloian | 0.40 | 216.00 |
| 10/16/09 | Conference with R. Pinkston regarding revisions to agreed order on Mutual Bank claim. | G. Paloian | 0.30 | 162.00 |
| 10/21/09 | Review Mutual Bank agreed order. | G. Paloian | 0.20 | 108.00 |

| Date | Description | Professional | Hours | Value |
|------|-------------|--------------|-------|-------|
| 10/16/09 | Conferences with G. Paloian regarding amount and classification of proof of claim filed by Mutual Bank, now United Central Bank (.20); review proof of claim, objection to proof of claim, state court judgment of foreclosure and sale, motion for approval of sheriff sale, and other related documents to determine amount of deficiency judgment after United Central Bank's credit bid at foreclosure sale (.50); review and revise agreed order regarding amount and classification of proof of claim filed by Mutual Bank, now United Central Bank (.40); telephone conference with Shelly DeRousse, counsel for United Central Bank, regarding amount and classification of proof of claim (.30). | M. Pinkston | 1.40 | 392.00 |
| 10/21/09 | Prepare e-mail correspondence to Shelly DeRousse regarding agreed order concerning United Central Bank's proof of claim. | M. Pinkston | 0.10 | 28.00 |
| 10/23/09 | Review letter from Shelly DeRousse regarding agreed order to be submitted to bankruptcy court for approval regarding United Central Bank's claim for deficiency. | M. Pinkston | 0.10 | 28.00 |
| 10/26/09 | Review and revise agreed order (.10); finalize agreed order for submission to Bankruptcy Court (.10) | M. Pinkston | 0.20 | 56.00 |
| 10/26/09 | Update status of secured claim filed by Mutual Bank | N. Bouchard | 0.20 | 21.00 |
| 10/27/09 | Conference regarding entry of an order on Mutual Bank claim objection (.30); review final report (.90). | G. Paloian | 1.20 | 648.00 |
| 10/27/09 | Represent G. Paloian at hearing on Trustee's objection to claim filed by Mutual Bank, now United Central Bank. | M. Pinkston | 1.00 | 280.00 |
| 05/17/10 | Review of amended claim filed by IRS (.10); phone call to same regarding additional back-up for claim (.10). | N. Bouchard | 0.20 | 25.00 |
| 05/18/10 | Review settlement papers between Days Inn and the Debtors regarding status of claim filed by Days Inn. | N. Bouchard | 0.20 | 25.00 |
| 05/21/10 | Follow-up phone call to IRS regarding additional information on amendment of claim filed by same. | N. Bouchard | 0.20 | 25.00 |
| 06/10/10 | Phone conversation with IRS regarding amended claim filed by same. | N. Bouchard | 0.20 | 25.00 |
| 06/22/10 | Discuss status of amended claim filed by IRS with G. Paloian (.10); e-mail correspondence to J. Sowka regarding same (.10). | N. Bouchard | 0.20 | 25.00 |
| 06/22/10 | Review email from N. Bouchard regarding amended IRS claim (.1); review and analyze amended claim and related documents (.2). | J. Sowka | 0.30 | 97.50 |
| 06/22/10 | Spoke with AE Munez at IRS about reasons for increased claim amounts for 2006 and 2007 tax year | A. Shepro | .40 | 32.00 |

| Date | Description | Professional | Hours | Value |
|------|-------------|--------------|-------|-------|
| 06/24/10 | Telephone conference with IRS case manager A E Munoz about getting various back-up documents faxed (.30). Reviewing back-up documentation (.20). | A. Shepro | 0.50 | 40.00 |
| 06/23/10 | Legal research regarding amended claim filed by IRS (.80); confer with J. McManus regarding same (.10). | J. Sowka | 0.90 | 292.50 |
| 06/25/10 | Prepare questions for A E Munoz relating to unorganized documents that were sent by the IRS to back up their Trust Fund Penalty Claims. | A. Shepro | 0.30 | 24.00 |
| 08/18/10 | Review and analyze new interest claims from IRS to discuss with J. Sowka. | A. Shepro | 0.30 | 24.00 |
| 09/29/10 | Confer via telephone with IRS officials regarding IRS claims (.30); review file and claims (.40). | A. Shepro | 0.70 | 56.00 |
| 10/01/10 | Confer with IRS regarding Shethi Trust Fund Recovery Data. | A. Shepro | 0.20 | 16.00 |
| 10/04/10 | Confer with P. Serrell at the IRS regarding Shethi Trust Fund claims (.10); confer with J. Musial at the IRS regarding Shethi Trust Fund claims (.30). | A. Shepro | 0.40 | 32.00 |
| 10/07/10 | Review and analysis of IRS amended claim (.10); research to determine validity of amended claim (.10). | R. Knapp | 0.20 | 44.00 |
| | | **TOTALS** | **31.20** | **$10,121.00** |

| Task | Description | Hours | Value |
|------|-------------|-------|-------|
| A | Case Administration | 9.60 | $4,009.00 |
| C | Fee Applications | 14.40 | $2,064.00 |
| CC | Claims Administration and Analysis | 31.20 | $10,121.00 |
| | **totals** | **55.20** | **$16,194.00** |

# Exhibit 3

## DISBURSEMENTS

| Date | Disbursements | Value |
|------|---------------|-------|
| 09/18/09 | Copying   (193 copies @ $0.10 per page) | 19.30 |
| 09/22/09 | Copying   (660 copies @ $0.10 per page) | 66.00 |
| 10/21/09 | Copying   (1 copies @ $0.10 per page) | 0.10 |
| 11/10/09 | Copying   (535 copies @ $0.10 per page) | 53.50 |
| 12/02/09 | Copying   (4 copies @ $0.10 per page) | 0.40 |
|  |  | **$139.30** |